UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Michael Herrera**
**Sarah M. Herrera**
Debtor(s)

Case No. **16-31070**

Chapter 13 Proceeding

**2ND AMENDED**
☑ *AMENDED*   ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

## Plan Summary

A. The Debtor's Plan Payment will be **Variable Payments**, paid by ☑ Pay Order or ☐ Direct Pay for **60 months**. The gross amount to be paid into the plan is **$190,780.00**.

B. The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **10%** of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C. The value of the Debtor's non-exempt assets is **$0.00**.

D. If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.
☑ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.
☐ Other (describe):

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Michael Herrera**
**Sarah M. Herrera**
Debtor(s)

Case No. **16-31070**

Chapter 13 Proceeding

**2ND AMENDED**
☑ *AMENDED*   ☐ *MODIFIED*

## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| Ally Financial<br>2014 Chevy Malibu | $150.00 | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Hernandez, Debra | Assume lease @ 4940 Maxwell, El Paso, TX | Assumed | No |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| Ally Financial<br>2014 Chevy Malibu | $18,823.84 | $16,225.00 | Pro-Rata | 5.25% | $18,529.19 | |

Form 11/7/05   *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Michael Herrera**
**Sarah M. Herrera**
Debtor(s)

Case No. **16-31070**

Chapter 13 Proceeding

**2ND AMENDED**
☑ **AMENDED**     ☐ **MODIFIED**
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

Continuation Sheet # 2

---

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____10/31/16_____."

Debtor                                   Joint Debtor

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
|  |  |  |

### VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Duplay, Lori |  |  | $200.00 |
| Hernandez, Debra | Assume lease |  | $500.00 |
| Texas Child Support Disb Unit | duplicate listing |  | $200.00 |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| Capital One/Yamaha | Motorcycle |

Form 11/7/05        *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| IN RE: | Michael Herrera | Case No. | 16-31070 |
| | Sarah M. Herrera | | |
| | Debtor(s) | | Chapter 13 Proceeding |

**2ND AMENDED**

☑ **AMENDED**   ☐ **MODIFIED**

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

Continuation Sheet # 3

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A. Administrative Expenses**

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums received. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Martinez Law Firm | $3,600.00 | Along With | |
| USBC | $155.00 | Before | court filing fee |

**B. Priority Claims, Including Domestic Support Obligation Arrearage Claims**

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| Attorney General of Texas | | | dupl listing c/s arrears in bk |
| Duplay, Lori | $4,523.83 | Along With | child support arrears |
| Internal Revenue Service | $65,337.20 | Along With | 1040 taxes |

**C. Arrearage Claims**

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|

**D. Cure Claims on Assumed Contracts, Leases, and Contracts for Deed**

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|

**E. Secured Creditors**

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Ally Financial 2014 Chevy Malibu | $18,823.84 | $16,225.00 | Pro-Rata | 5.25% | $18,529.19 | |

Form 11/7/05          Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Michael Herrera**
**Sarah M. Herrera**
Debtor(s)

Case No. **16-31070**

Chapter 13 Proceeding

*2ND AMENDED*
☑ **AMENDED**  ☐ **MODIFIED**
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 4*

| | | | | | | |
|---|---|---|---|---|---|---|
| FFO<br>Furniture | $1,900.00 | $1,900.00 | Pro-Rata | 5.25% | $2,169.80 | |
| Internal Revenue Service<br>Tax Lien | $34,229.55 | $34,229.55 | Pro-Rata | 4% | $37,858.24 | Tax Lien |
| Sheffield Financial<br>2015 Kawasaki ATV | $3,002.95 | $3,002.95 | Pro-Rata | 5.25% | $3,429.45 | |
| Toyota Motor<br>2014 Toyota Tundra | $47,072.49 | $47,072.49 | Pro-Rata | 5.25% | $53,757.61 | |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed). *Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately **10%** of their allowed claims.

| Creditor | Estimated Debt | Remarks |
|---|---|---|
| Ally Financial | $2,598.84 | Unsecured portion of the secured debt (Bifurcated) |
| Army Airforce Exchange | $3,003.00 | |
| Comenity/Maurices | | Dup. of Quantum3 |
| Concentra Urgent Care***BAD ADDRESS | $417.00 | |
| Heights Finance | $2,144.00 | |
| Kohls/Capital One | $721.39 | |
| Omni Financial | $2,460.30 | |
| Quantum3 Group LLC | $409.23 | Comenity/Maurices |
| Quantum3 Group LLC | $567.64 | Webbank/Gettington |
| Seventh Avenue | $1,350.00 | |
| Wal-Mart | $1,214.00 | |
| Webbank/Gettington | | Dup. of Quantum3 |
| Wells Fargo | $363.00 | |
| World Finance Co | $2,365.59 | |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Michael Herrera**
**Sarah M. Herrera**
Debtor(s)

Case No. **16-31070**

Chapter 13 Proceeding

**2ND AMENDED**
☒ **AMENDED**   ☐ **MODIFIED**

**DEBTOR(S)' CHAPTER 13 PLAN**

**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

Continuation Sheet # 5

---

**Totals:**

| | |
|---|---:|
| Administrative Claims | $3,755.00 |
| Priority Claims | $48,467.98 |
| Arrearage Claims | $0.00 |
| Cure Claims | $0.00 |
| Secured Claims | $102,429.99 |
| Unsecured Claims | $39,007.04 |

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

A. Pursuant to 11 U.S.C.§1322(a)(1) of the Bankruptcy Code, the Debtor(s) shall submit all or such portion of future earnings or ther future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.

B. The Debtor(s) further agree, to report to the Trustee any changes in income that would necessitate modifying their plan by either increasing or decreasing their plan payment or increasing or decreasing the percentage payout to unsecured creditors.

C. Confirmation to the Plan shall constitute authority for creditors, such as lien-holders on real propeprty and lien-holders on vehicles, especially where the creditor is scheduled as "direct pay" or "outside," to send monthly statements as a convenience to the Debtor(s) and such statements shall not be considered a violation of the provisions of the automatic stay.

D. If any unscheduled creditor files a timely claim, with proper attachments, the Plan will provide for that claim as filed unless objectted to by the Debtor. The secured creditors will be paid 8% interest.

E. If additional funds become available, creditors may receive higher monthly payments.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: **Michael Herrera**
**Sarah M. Herrera**
Debtor(s)

Case No. **16-31070**

Chapter 13 Proceeding

**2ND AMENDED**
☑ *AMENDED*   ☐ *MODIFIED*
DEBTOR(S)' CHAPTER 13 PLAN
AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 6*

---

Respectfully submitted this date: **10/31/2016**.

/s/ Eric M. Martinez
Eric M. Martinez
5601 Montana Ave., Suite A
El Paso, TX 79925
Phone: (915) 490-0063 / Fax: (915) 772-0257
(Attorney for Debtor)

/s/ Michael Herrera
Michael Herrera
4940 Maxwell
El Paso, TX 79904
(Debtor)

/s/ Sarah M. Herrera
Sarah M. Herrera
4940 Maxwell
El Paso, TX 79904
(Joint Debtor)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: Michael Herrera
Sarah M. Herrera
*Debtor(s)*

CASE NO **16-31070**

CHAPTER **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month | Payment | Month | Payment | Month | Payment |
|---|---|---|---|---|---|
| 1 | $3,000.00 | 21 | $3,190.00 | 41 | $3,190.00 |
| 2 | $3,000.00 | 22 | $3,190.00 | 42 | $3,190.00 |
| 3 | $3,070.00 | 23 | $3,190.00 | 43 | $3,190.00 |
| 4 | $3,070.00 | 24 | $3,190.00 | 44 | $3,190.00 |
| 5 | $3,190.00 | 25 | $3,190.00 | 45 | $3,190.00 |
| 6 | $3,190.00 | 26 | $3,190.00 | 46 | $3,190.00 |
| 7 | $3,190.00 | 27 | $3,190.00 | 47 | $3,190.00 |
| 8 | $3,190.00 | 28 | $3,190.00 | 48 | $3,190.00 |
| 9 | $3,190.00 | 29 | $3,190.00 | 49 | $3,190.00 |
| 10 | $3,190.00 | 30 | $3,190.00 | 50 | $3,190.00 |
| 11 | $3,190.00 | 31 | $3,190.00 | 51 | $3,190.00 |
| 12 | $3,190.00 | 32 | $3,190.00 | 52 | $3,190.00 |
| 13 | $3,190.00 | 33 | $3,190.00 | 53 | $3,190.00 |
| 14 | $3,190.00 | 34 | $3,190.00 | 54 | $3,190.00 |
| 15 | $3,190.00 | 35 | $3,190.00 | 55 | $3,190.00 |
| 16 | $3,190.00 | 36 | $3,190.00 | 56 | $3,190.00 |
| 17 | $3,190.00 | 37 | $3,190.00 | 57 | $3,190.00 |
| 18 | $3,190.00 | 38 | $3,190.00 | 58 | $3,190.00 |
| 19 | $3,190.00 | 39 | $3,190.00 | 59 | $3,190.00 |
| 20 | $3,190.00 | 40 | $3,190.00 | 60 | $3,190.00 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: __Michael Herrera__                                              CASE NO. __16-31070__
                    *Debtor*

__Sarah M. Herrera__                                                    CHAPTER __13__
                    *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 31, 2016, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

/s/ Eric M. Martinez
Eric M. Martinez
Bar ID: 24034822
Martinez Law Firm
5601 Montana Ave., Suite A
El Paso, TX 79925
(915) 490-0063

Ally Financial
xxxx2077
P.O. Box 130424
Roseville, MN 55113

Capital One/Yamaha
xxxxxx-xx0201
Attn: Bankruptcy Dept
P.O. Box 30253
Salt Lake City, UT 84130

FFO
6500 Jenny Lind Rd., Space A
Fort Smith, AR 72908

Army Airforce Exchange
xxxx-xxxx-0292
3911 S. Walton Walker Blvd.
Dallas, TX 75236

Comenity/Maurices
xx3827
P.O. Box 182789
Columbus, OH 43218

Heights Finance
xxxx1062
2903 W. Broadway Blvd., S-A
Sedalia, MO 65301

Attorney General of Texas
xxxxxx7987
Child Support Division
P.O. Box 12017
Austin, TX 78711

Concentra Urgent Care***BAD ADDRESS
xxxxxx0122
c/o Receivable Solutions Spec
264 Highland Blvd.
Natchez, MS 39120

Hernandez, Debra
4940 Maxwell
El Paso, TX 79904

Attorney General of the United States
Dept of Justice
950 Pennsylvania NW
Washington, DC 20530

Duplay, Lori
4641 Robert Acosta
El Paso, TX 79934

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: Michael Herrera  CASE NO. 16-31070
*Debtor*

Sarah M. Herrera  CHAPTER 13
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

Internal Revenue Service
Special Procedures Staff
Stop 5022 AUS, 300 E. 8th St.
Austin, TX 78701

Sheffield Financial
xxxx8465
P.O. Box 1847
Wilson, NC 27894

Wells Fargo
xxxx-xxxx-4444
P.O. Box 5445
Portland, OR 97228

Kohls/Capital One
xxxxxxxx5326
c/o Becket & Lee, LLP
P.O. Box 3001
Malvern, PA 19355

Stuart C. Cox
1760 N. Lee Trevino
El Paso, TX 79936

World Finance Co
xxxxxxxx/0050
P.O. Box 6429
Greenville, SC 29606

Michael Herrera
4940 Maxwell
El Paso, TX 79904

Texas Child Support Disb Unit
xxxxxx7987
P.O. Box 659791
San Antonio, TX 78265

Omni Financial
xxxx0389
P.O. Box 1811
New Rochelle, NY 10802

Toyota Motor
xxxxxxxxx2069
Attn: Bankruptcy Dept.
P.O. Box 8026
Cedar Rapids, IA 52409

Quantum3 Group LLC
7776
as Agent for Comenity Bank
P.O. Box 788
Kirkland, WA 98083

United States Attorney
601 N.W. Loop 401, Suite 600
San Antonio, TX 78216

Quantum3 Group LLC
xxxx-xxxx-xxxx-9406
as Agent for Gettington
P.O. Box 788
Kirkland, WA 98083

Wal-Mart
xxxx-xxxx-9310
Atttn: Bankruptcy Dept
P.O. Box 965036
Orlando, FL 32896

Seventh Avenue
xxxx-xxxx-x1570
112 7th Ave.
Monroe, WI 53566

Webbank/Gettington
xxxx-xxxx-xxxx-9406
6250 Ridgewood Rd.
Saint Cloud, MN 56303